PEOPLE ex rel. RICE v. MOSS et al.

(Supreme Court, Appellate Division, First Department. June 30, 1899.)

1. MUNICIPAL CORPORATIONS—TRANSFER OF POLICEMAN.

Where the sole power to make transfers in the police force is lodged in the chief of police by Laws 1895, c. 569, § 4, a resolution of the board of police commissioners remanding a roundsman to patrol duty is a mere recommendation to the chief of police, and his act in carrying out the resolution is his own act.

**2. SAME—MANDAMUS TO COMPEL RESTORATION—LACHES.**
    Where a roundsman who has been remanded to patrol duty waits two
    years before bringing proceedings to compel his restoration, he loses his
    rights by laches.

Appeal from trial term, New York county.

Application for mandamus, on the relation of William C. Rice, against Frank Moss and others, as police commissioners. From an order dismissing an alternative writ, the relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Roger A. Pryor, for appellant.
Terence Farley, for respondent.

McLAUGHLIN, J. This proceeding was instituted to compel the respondents, as police commissioners of the city of New York, to restore the relator to "the rank and grade of roundsman" on the police force of that city, from which it was alleged he had been wrongfully and unlawfully removed. The facts are undisputed. On the 19th of May, 1888, the relator was appointed, and he has since been, a member of the police force. On the 10th of June, 1893, he was detailed or assigned by the board of police commissioners as a roundsman in the police department, and he served in that capacity until June 24, 1895, when the then board of police commissioners passed the following resolution: "Resolved, that the following roundsmen are remanded to patrol duty: John A. Wood, Twenty-Fifth precinct; William C. Rice, Twenty-Fifth precinct,"—which was on the same day communicated to the chief of police. The chief of police, on receiving this information, communicated with the captain in charge of the Twenty-Fifth precinct, and ordered that Wood and the relator be transferred or assigned to patrol duty. The order was in the form of a letter, and read as follows:

"Captain Strauss, Twenty-Fifth Precinct: Roundsmen John A. Wood and William C. Rice, of your command, have, by action of the board of police at a meeting held this day, been remanded to patrol duty, and they are hereby transferred as follows: Patrolman John A. Wood to Twenty-Fourth precinct; Patrolman William C. Rice, to Twelfth precinct. You will direct them to report to the captains of the precincts to which they are respectively transferred at eight o'clock, a. m., 25th inst.
                              "Peter Conlin, Actg. Chief of Police."

In obedience to this order the relator was detached to do, and since then he has done, patrol duty. No complaint, or even protest, was made by him at the time the transfer was made, or at any time thereafter, until the commencement of the present proceeding, June 30, 1897.

It was conceded upon the argument by the counsel for the appellant, and it is unquestionably the law, that at the time the transfer was made the chief of police had the sole authority to make the transfer, but it is contended that the transfer was not made by him, but by the board of police commissioners. We do not think the resolution can be so construed. The board had no power, as such, to assign members of the police force to their respective duties. That

power was lodged in the chief of police. Laws 1895, c. 569, § 4. Therefore the resolution was a nullity. It was nothing more than a request, which the chief could grant or refuse, as in his judgment the interest of the service required. He saw fit to act upon the request, and, in the exercise of the power which he had, to make the change. But it was his act, and not the act of the board of police commissioners, that remanded the relator, and we must so hold.

We are also of the opinion that the court was justified in dismissing the proceeding on account of the relator's laches. Here was an unexplained delay of two years. If the relator desired to review the act of the board or the chief of police by which he was remanded to patrol duty, he should have moved promptly. He could not wait until the membership of the board of police commissioners and the chief of police had been changed, and then move. No reason or explanation is given by him for this delay, and this of itself was sufficient to have justified the trial court in refusing to exercise the power of the court in the relator's behalf.

On both grounds, therefore, we think the order should be affirmed, with costs to the respondent. All concur.